THIS OPINION
 HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN
 ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.
THE STATE OF SOUTH CAROLINA
In The Court of Appeals

 
 
 
 The State, Respondent,
 v.
 Samuel J.
 Thacker, Appellant.
 
 
 

Appeal From Richland County
 James R. Barber, III, Circuit Court Judge

Unpublished Opinion No.  2010-UP-284
Submitted May 3, 2010  Filed May 20, 2010

AFFIRMED

 
 
 
 Appellate
 Defender M. Celia Robinson, of Columbia, for Appellant.
 Attorney
 General Henry Dargan McMaster, Chief Deputy Attorney General John W. McIntosh,
 Assistant Deputy Attorney General Salley W. Elliott, Assistant Attorney General
 Deborah R.J. Shupe, and Solicitor Warren B. Giese, all of Columbia, for
 Respondent.
 
 
 

PER CURIAM:  Samuel J.
 Thacker appeals his guilty plea for failure to stop for a blue light.  Thacker
 argues the plea court abused its discretion in accepting his guilty plea
 without first ordering an evaluation of his mental competence.  Thacker avers
 his mental illness should have concerned the plea court regarding his
 competency and its impact on his ability to enter a guilty plea.  We affirm[1] pursuant to Rule 220(b)(1), SCACR, and the following authorities:  S.C. Code Ann. § 44-23-410(A) (Supp. 2009) (holding a trial
 judge must order a competency examination if the defendant "lacks the
 capacity to understand the proceedings against him or to assist in his own
 defense"); State v. Colden, 372 S.C. 428, 441-42, 641 S.E.2d 912, 920
 (Ct. App. 2007) (providing a defendant's normal behavior and understanding of
 proceedings at pretrial and trial may support the trial court's decision to not
 order a mental competency examination); State v. Burgess, 356 S.C. 572,
 575, 590 S.E.2d 42, 44 (Ct. App. 2003) (identifying the three factors to be
 considered in determining whether further inquiry into a defendant's fitness to
 stand trial is warranted as: (1) evidence of irrational behavior; (2) demeanor
 at trial; and (3) prior medical opinion regarding ability to stand trial).  
AFFIRMED.
HUFF, SHORT,
 and WILLIAMS, JJ., concur.

[1] We decide this case without oral argument pursuant to
 Rule 215, SCACR.